

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00093-CV

IN THE MATTER OF ROSALIND A. KELLY, ATTORNEY

ORIGINAL PROCEEDING

April 3, 2017

SHOW CAUSE ORDER

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

On March 2, 2017, this Court rendered an order in cause No. 07-16-00156-CR, pending in this Court, directing Rosalind A. Kelly, counsel for appellant Mauricio Gomez, to file a brief. *Gomez v. State,* No. 07-16-00156-CR, 2017 Tex. App. LEXIS 1841 (Tex. App.—Amarillo Mar. 2, 2017, per curiam order) (not designated for publication). Copied here verbatim, the order stated:

> Appellant Mauricio Gomez was convicted of the third-degree felony offense of driving while intoxicated, third offense or more,[1] and sentenced to nine years imprisonment. On February 29, 2016, appellant's retained counsel, Rosalind A. Kelly, filed a notice of appeal.[2] Twice we have abated this appeal and remanded the cause to the trial court because appellant's counsel failed to comply with this Court's orders.
>
> We first abated the appeal on June 9, 2016, after appellant's counsel failed to request preparation and make acceptable payment arrangements

for the reporter's record, despite our letter directing that be done.[3] The clerk's record was timely filed. Pursuant to our order of abatement, the trial court held a hearing on June 30, 2016. At the hearing, appellant's counsel moved for the appellate record to be furnished without charge and the motion was granted. When asked by the trial court why appellant's counsel had waited until the day of the hearing to file such a motion, counsel responded that the appeal had "slipped through the cracks." The trial court found appellant desired to prosecute his appeal and was entitled to have the reporter's record furnished without charge due to his indigence. The trial court also found that appellant's retained counsel had not abandoned the appeal and would remain as counsel. The appeal was reinstated on our docket on July 11, 2016.

The court reporter's record was filed on September 12, 2016. Consequently, appellant's brief was due October 12, 2016. When appellant's counsel failed to file a brief or request an extension of time to file a brief by this deadline, we notified her that the brief was overdue and granted, *sua sponte*, an extension of time to file the brief. Appellant's counsel did not file a brief or respond to our letter, however, so we again abated the appeal and remanded the cause to the trial court on November 9, 2016.[4] At a hearing on November 29, 2016, the trial court found that appellant desired to continue the appeal; appellant's counsel had not abandoned the appeal but was representing appellant *pro bono*; and appellant's counsel had not filed a brief due to a family health situation and recently acquired information concerning appellant's case. The trial court ordered appellant's brief to be filed by January 13, 2017. On December 8, 2016, we reinstated the appeal on our docket.

Appellant did not file a brief or request an extension of time by the new briefing deadline of January 13, 2017. On January 20, 2017, we notified appellant's counsel that the brief was late and ordered her to file a brief by January 30. Failure to do so, we admonished, would again result in the abatement of the appeal and remand of the cause to the trial court. On January 30, appellant's counsel filed a motion seeking an extension to February 3 to file the brief. As reasons for the extension, the motion cited counsel's workload and a family medical emergency. From statements in the motion regarding counsel's workload, it is also apparent counsel has continued to accept new cases. We granted the requested extension, but appellant's counsel did not file a brief.

Thereafter, on February 14, 2017, this Court's clerk contacted appellant's counsel by telephone. In their conversation, counsel readily acknowledged the brief was past due. She promised to file the brief by February 15, 2017. Counsel has not filed the brief, and has not further communicated with this Court.

With that history as background, the Court issues this order. Rosalind A. Kelly, State Bar of Texas number 11237580, is directed to file appellant's

brief in this cause, in accordance with Rule 38.1 of the Texas Rules of Appellate Procedure, no later than Monday, March 20, 2017. No motion for extension of time will be considered. If Rosalind A. Kelly fails to file the brief by March 20, 2017, the Court will initiate contempt proceedings against her for the failure and refusal to obey the Court's order. *See* Tex. R. App. P. 38.8(b)(4). The Court may also take such further actions as the Court finds appropriate, which may include the filing of a grievance against Rosalind A. Kelly with the State Bar of Texas.

It is so ordered.

1. TEX. PENAL CODE ANN. § 49.04(a), 49.09(b)(2) (West Supp. 2016).

2. The appeal was transferred from the Second Court of Appeals to this Court, under an order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013); TEX. R. APP. P. 41.3 (precedent of transferor court).

3. *See Gomez v. State*, No. 07-16-00156-CR, 2016 Tex. App. LEXIS 6736, at *2 (Tex. App.—Amarillo June 9, 2016, order) (not designated for publication) (ordering the trial court to determine on remand, *inter alia*, (1) whether appellant desires to prosecute the appeal; (2) whether retained counsel has abandoned the appeal; (3) whether appellant is indigent; (4) if appellant is indigent, whether new counsel should be appointed to represent appellant on appeal; and (5) whether appellant is entitled to have the reporter's record furnished without charge).

4. *See Gomez v. State*, No. 07-16-00156-CR, 2016 Tex. App. LEXIS 12121, at *2-3 (Tex. App.—Amarillo Nov. 9, 2016, order) (not designated for publication) (ordering the trial court on remand to determine (1) whether appellant desires to prosecute the appeal; (2) whether appellant is indigent and entitled to appointment of counsel; (3) whether retained counsel has abandoned the appeal; (4) whether appellant failed to make the necessary arrangements for filing a brief; (5) the reason for the failure to file appellant's brief; (6) if appellant is indigent, whether new counsel should be appointed to represent appellant on appeal; and (7) the date the Court may expect appellant's brief to be filed).

A copy of the order was delivered to Rosalind A. Kelly by electronic mail, first-class United States mail, and certified mail.

Rosalind A. Kelly has not filed a brief for appellant in the appeal as ordered, nor has she communicated any reason for failing to file the brief. Consequently, she appears to be in contempt for failing to obey the March 2, 2017 order of this Court.

3

Accordingly, the Court now orders that Rosalind A. Kelly, State Bar of Texas number 11237580, shall appear in person in the courtroom of this Court at 501 S. Fillmore, Amarillo, Potter County, Texas, on Monday, April 17, 2017, at 9:00 a.m., to then and there show cause, if any she has, why she should not be held in contempt and sanctions imposed for her failure to obey the March 2, 2017 order of this Court.

IT IS SO ORDERED.

Per Curiam